FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 OCT -4 ˈ A 8: 35

CLERK _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

STANLEY FARLEY, a/k/a, BOXER X,          :
                                         :
            Plaintiff,                   :
                                         :
    vs.                                  :        CIVIL ACTION NO.: CV604-034
                                         :
Nurse SMITH; MELANIE CHAPMAN;            :
Sgt. JOHNNY MARQUEZ; WAYNE               :
JOHNSON, and Sgt. JAMES DAVIS,           :
                                         :
            Defendants.                  :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Georgia State Prison in Reidsville, Georgia, filed a 42 U.S.C.A. § 1983 action contesting the conditions of his confinement while incarcerated at Smith State Prison in Glennville, Georgia. Plaintiff alleges that Defendants Terry, Brown, Smith, Chapman, Marquez, Johnson, and Davis ("Defendants") were deliberately indifferent to his future health and serious medical needs. Defendants filed a Motion for Summary Judgment (Doc. No. 31), and Plaintiff has filed a Response (Doc. No. 35). Defendants' Motion for Summary Judgment should be **GRANTED.**

## STATEMENT OF CASE

While incarcerated at Smith State Prison, Plaintiff asserts that Defendants were deliberately indifferent to his future health by allowing his exposure to environmental tobacco smoke ("ETS") and wick smoke. During his incarceration from April 2003 until June 2004, Plaintiff contends that Defendants were aware of his exposure, but did nothing

AO 72A
(Rev. 8/82)

to remedy the situation. Plaintiff alleges that Defendants Terry, Brown, Marquez, Johnson, and Davis failed to uphold a Georgia Department of Corrections' Standard Operating Procedure ("SOP") prohibiting smoking in prison buildings by allowing prisoners to smoke cigarettes, cigars, and burn wicks inside their cell. Plaintiff asserts that Defendant Chapman facilitates this conduct by allowing the sale of tobacco products in the inmate store. Plaintiff claims that his ETS exposure caused respiratory and cardiovascular problems, physical pain, and emotional distress. Plaintiff avers that after seeking treatment for his ETS exposure, Defendant Smith did not treat his serious medical needs.

Defendants refute Plaintiff's claim that they were deliberately indifferent to his future health. Defendants contend that they enforce the SOP prohibiting smoking inside the prison and take disciplinary action against violators. Defendants further contend that Plaintiff has not suffered serious respiratory or cardiovascular medical problems and that Smith State prison officials provided "excellent medical care" when sought by Plaintiff. (Doc. No. 33, p. 2.)

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine

2

"'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law.  Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003).  Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact.  Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986)).  When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial.  Id.  In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party.  Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

DISCUSSION AND CITATION TO AUTHORITY

I.      **Plaintiff's Eighth Amendment Claim Against Defendants Terry, Brown, Chapman, Johnson, Marquez, and Davis.**

The Supreme Court has held that a cause of action exists under the Eighth Amendment "when a prisoner alleges that officials have, with deliberate indifference, exposed him to levels of [environmental tobacco smoke] that pose an unreasonable risk of serious damage to his future health."  Helling v. McKinney, 509 U.S. 25, 35, 113 S. Ct.

3

2475, 2481, 125 L. Ed.2d 22 (1993); see Kelley v. Hicks, 400 F.3d 1282, 1284 (11th Cir. 2005).    Like any deliberate indifference claim, both an objective and a subjective component are incorporated into a court's analysis. Hill v. DeKalb Reg'l Youth Detention Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994). The objective component is "contextual and responsive to 'contemporary standards of decency.'" Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed.2d 156 (1992) (internal citation omitted).

Helling requires both exposure to unreasonably high levels of ETS and knowledge of the exposure by prison officials. Helling, 509 U.S. at 35-36, 113 S. Ct. at 2482; Kelley, 400 F.3d at 1284. "[T]he objective factor, determining whether [a plaintiff's] conditions of confinement violate the Eighth Amendment, requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to ETS. It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." Helling, 509 U.S. at 36, 113 S. Ct. at 2482. When determining the objective elements of a prisoner's claim, "[r]elevant facts include whether the prisoner remained housed in the environment and whether the facility has enacted a formal smoking policy." Kelley, 400 F.3d at 1284 (citing Helling, 509 U.S. at 35-36, 113 S. Ct. at 2482). "[T]he subjective factor, deliberate indifference, should be determined in light of the prison authorities' current attitudes and conduct. . . . the adoption of [a] smoking policy. . . may bear heavily on the inquiry into deliberate indifference." Helling, 509 U.S. at 35-36, 113 S. Ct. at 2482.

Defendants assert that Plaintiff has not satisfied the Helling standards. Defendants allege that Plaintiff has not demonstrated any objective level of exposure to second hand

4

smoke that meets the requirement of a "serious medical threat." (Doc. No. 33, p. 8.) Defendants contend that Plaintiff has not established any serious physical injury from his ETS exposure. Defendants aver that they did not knowingly and unreasonably disregard an objectively intolerable risk of harm to Plaintiff's health and that Plaintiff received appropriate medical care. (Id.) Defendants claim to have upheld the SOP prohibiting smoking in the prison by issuing disciplinary reports to violators of this SOP.

Plaintiff avers that Defendants Terry, Brown, Johnson, Marquez, and Davis were aware of his ETS exposure and did not uphold the prison's no smoking policy. According to Plaintiff, prisoners violating this policy and poor ventilation caused smoke to enter and linger in his cell. Plaintiff asserts that Defendant Chapman, the Business Manager at the inmate store, was deliberately indifferent to his medical needs through her knowledge of smoking at the prison and by allowing the sale of tobacco products. Plaintiff further alleges that neither Defendants Johnson, Marquez, nor Davis acted on his request to be transferred to a non-smoking unit. As a result of his exposure, Plaintiff avers that upon his transfer to Ware State Prison, prison medical staff provided medication for asthma and respiratory conditions. (Doc. No. 37, p. 2.) Specifically, Plaintiff claims that officials at both Ware State and Georgia State Prisons diagnosed Plaintiff with chronic-obstructive pulmonary disease.[1]  (Id. at 3.)

---

[1] In his affidavit, Plaintiff alleges continued ETS exposure at his current institution of incarceration, Georgia State Prison. Georgia State Prison officials have not been named as Defendants and these claims are unrelated to the allegations against the current Defendants in this case. Accordingly, these allegations are not addressed in this Report. See FED. R. CIV. P. 20(a).

5

A.      **Defendant Chapman**.

Objectively, Defendant Chapman's actions did not subject plaintiff to an unreasonable harm.  The sale of tobacco products is legal and designated areas outside the prison have been established for its use.  Plaintiff has failed to show the existence of a genuine issue of material fact as to whether Defendant Chapman's actions exhibited deliberate indifference to his future health.  Although Plaintiff's letter to Defendant Chapman discussed his ETS exposure (Doc. No. 37, Ex. C.), Plaintiff has presented no proof that Defendant Chapman was responsible for enforcing prison regulations controlling the use of products sold in the inmate store.  Accordingly, Defendant Chapman's Motion for Summary Judgment should be **GRANTED.**

B.      **Defendants Terry, Brown, Davis, Johnson, and Marquez.**

Under the objective prong, Plaintiff has not demonstrated unreasonable exposure to ETS.  Significantly, Plaintiff's allegations do not arise from a fellow cellmate, but rather a general allegation of smoke within the prison. See Kelley, 400 F.3d at 1285. Plaintiff has not offered proof that he suffered from a pre-existing medical condition that would have been affected by ETS during his incarceration. Plaintiff's medical records indicate that Defendant Smith examined Plaintiff and concluded that he did not suffer from any serious respiratory or cardiovascular medical problems that could have been exacerbated by his alleged exposure.  (Def.'s Brief 4; Def. Ex. A.)  In his affidavit, Plaintiff asserts that subsequent prisons diagnosed him with respiratory problems, including asthma. (Doc. No. 38, ¶ 12.) However, the diagnosis of these medical problems *after* his incarceration at

6

Smith State Prison is irrelevant to an objective inquiry of his exposure at the time of his incarceration at Smith State Prison.

Plaintiff also fails to demonstrate that Defendants Terry, Brown, Davis, Johnson, and Marquez were deliberately indifferent to his serious medical needs. Smith State Prison currently has an established SOP prohibiting smoking inside the prison which is enforced by its personnel. (Doc. No. 33, Ex. B, C, E, F, and G.) In their affidavits, Defendants state that they enforce the SOP to the best of their ability and issue disciplinary reports to violators. (Id.) Plaintiff has made bare allegations regarding the prison's enforcement of this policy. In addition, Plaintiff has not offered proof that these Defendants were aware of any medical condition that would be exacerbated by ETS exposure. Moreover, Plaintiff has since been transferred from Smith State Prison and is no longer exposed to alleged ETS and wick smoke at Smith State Prison. (Id.) At most, Plaintiff has asserted that Defendants were negligent in their enforcement of the non-smoking policy; mere negligence is insufficient to assert a claim of deliberate indifference. See Kelley, 400 F.3d at 1285. Accordingly, Defendants Terry, Brown, Chapman, Davis, Johnson, and Marquez's Motion for Summary Judgment should be **GRANTED**.

## II. Plaintiff's Eighth Amendment Claim Against Defendant Smith.

The Eighth Amendment's proscription against cruel and unusual punishment forbids prison officials from demonstrating deliberate indifference to the serious medical needs of inmates. Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed.2d 251 (1976); Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed.2d 811 (1994). Like any deliberate indifference claim, the Estelle analysis incorporates both an objective and a subjective component. Hill v. DeKalb Reg'l Youth Detention Ctr., 40 F.3d 1176,

7

1186 (11th Cir. 1994). The objective component is "contextual and responsive to 'contemporary standards of decency.'" Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed.2d 156 (1992) (quoting Estelle, 429 U.S. at 103, 97 S. Ct. at 290). In the Eleventh Circuit, a medical need is serious if it "has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill, 40 F.3d at 1187 (internal citations omitted). As to the subjective component, the Eleventh Circuit "has consistently held that knowledge of the need for medical care and intentional refusal to provide that care constitute deliberate indifference." Hill, 40 F.3d at 1186 (quoting Mandel v. Doe, 888 F.2d 783, 788 (11th Cir. 1989)).

Defendant Smith, a nurse at Smith State Prison, avers that she provided Plaintiff with appropriate medical care. (Doc. No. 33, Ex. A.) Plaintiff contends that Defendant Smith did not provide the medical care needed to treat ETS exposure. Specifically, Plaintiff states in his affidavit that his medical records do not accurately reflect his condition because Defendant Smith refused to provide him proper treatment and did not refer him to a doctor or physician's assistant. (Doc. No. 38, p. 3.)

Plaintiff fails to demonstrate that Defendant Smith was deliberately indifferent to his medical needs. During his incarceration, Defendant Smith examined Plaintiff on at least two occasions. (Doc. No. 38, Ex. A.) Plaintiff's medical records indicate that Defendant Smith examined Plaintiff and determined that Plaintiff did not require any treatment. (Id.) According to her affidavit, Defendant Smith determined that Plaintiff's medical records did not indicate any serious respiratory or cardiovascular problems. (Doc. No. 33, Ex. A.) Plaintiff has offered bare allegations regarding his medical health, as well as Defendant

8

Smith's treatment. Defendant Smith's affidavit states that she provided "appropriate medical care when [Plaintiff] sought treatment for mild discomfort." (Id.) Plaintiff's alleged treatment at subsequent prisons does not establish a genuine issue of material fact regarding Defendant Smith's deliberate indifference to Plaintiff's health during his incarceration at Smith State Prison. To the contrary, the evidence establishes that Defendant Smith addressed Plaintiff's concerns and treated his ailments appropriately. Plaintiff has failed to establish a genuine issue of material fact as to whether Defendant Smith was deliberately indifferent to his "serious" medical needs. Defendant Smith's Motion for Summary Judgment on the merits of Plaintiff's claim should be **GRANTED**.

It is unnecessary to address the remaining grounds of Defendants' Motion for Summary Judgment.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Motion for Summary Judgment (Doc. No. 31) filed by Defendants Terry, Brown, Chapman, Smith, Johnson, Marquez, and Davis be **GRANTED**.

**SO REPORTED** and **RECOMMENDED**, this _4th_ day of October, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

9

AO 72A
(Rev. 8/82)